1
2
3
4
5
6              **IN THE UNITED STATES DISTRICT COURT**
7                 **FOR THE DISTRICT OF ARIZONA**
8
9    Otis Brascom,                         No. CV-14-1319-PHX-DGC (ESW)
10                  Petitioner,            **REPORT AND**
                                           **RECOMMENDATION**
11   v.
12   Lyle Broadhead, et al.,
13                  Respondents.
14
15
16   **TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT**
17   **JUDGE:**
18        On June 13, 2014, Otis Brascom ("Petitioner") filed a Petition under 28 U.S.C. §
19   2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1).   On October 1, 2014,
20   Respondents filed their Answer (Doc. 13).  Petitioner did not file a Reply.  The matter is
21   deemed ripe for consideration.
22        Petitioner raises three grounds for habeas relief in the Petition.  The undersigned
23   finds that Grounds One and Three are not cognizable on habeas review and alternatively
24   are procedurally defaulted.  The undersigned also finds that Ground Two is procedurally
25   defaulted.  It is therefore recommended that the Petition be denied and dismissed with
26   prejudice.
27
28

## I. BACKGROUND

On November 10, 2010, the Maricopa County Grand Jury indicted Petitioner on two counts: (i) burglary in the third degree (a class 4 felony) and (ii) possession of burglary tools (a class 6 felony). (Doc. 13-1 at 16-17). On January 30, 2012, a jury found Petitioner guilty as charged. (*Id*. at 22-23). The trial court determined that Petitioner violated the conditions of his unsupervised probation that was imposed in May 2010 for a possession of drug paraphernalia (a class 6 felony) conviction.[1] (*Id.* at 11-13, 26). On April 19, 2012, the trial court sentenced Petitioner to six years of incarceration for the third-degree burglary conviction and 2.25 years of incarceration for the possession of burglary tools conviction. (*Id*. at 29-31). The trial court also revoked Petitioner's unsupervised probation and sentenced Petitioner to one year of incarceration for the May 2010 possession of drug paraphernalia conviction. (*Id*. at 35).

After his 2012 convictions and sentencing, Petitioner timely appealed to the Arizona Court of Appeals. (*Id*. at 39). On June 20, 2013, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (*Id*. at 104-13). Petitioner filed a petition for review in the Arizona Supreme Court, which was denied on December 20, 2013. (*Id*. at 137). In 2013 and 2014, Petitioner filed two separate petitions for writ of certiorari in the U.S. Supreme Court, both of which were denied. (*Id*. at 121-32, 139, 143-56, 162). On June 13, 2014, Petitioner sought federal habeas relief by filing the Petition (Doc. 1).

## II. FEDERAL HABEAS LAW

Federal law "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) *(per curiam)* (quoting 28 U.S.C. § 2254(a)). Accordingly, in reviewing a

---

[1] Petitioner pled guilty to the possession of drug paraphernalia charge on April 9, 2010. (Doc. 13-1 at 11). The trial court imposed a two-year term of unsupervised probation commencing on May 7, 2010. (*Id*. at 12).

1    habeas petition, a federal court cannot reexamine state-court determinations on state-law

2    questions. *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). A federal court is limited to

3    deciding whether a conviction violated the Constitution, laws, or treaties of the United

4    States. *Id.* at 68; *Peltier v. Wright,* 15 F.3d 860, 861–62 (9th Cir. 1994).

5         If a petitioner has presented a cognizable federal habeas claim, there are a number

6    of procedural bars that may prevent a federal court from reviewing the merits of the

7    claim. Respondents do not argue, and the undersigned does not find, that the Petition is

8    barred by the one-year statute of limitations set forth in the Antiterrorism and Effective

9    Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214.[2] The undersigned concurs with

10   Respondents' argument that Petitioner's claims are procedurally barred by the following

11   doctrines.

12        **A.  Exhaustion-of-State-Remedies Doctrine**

13        For over one hundred years, it has been settled that a "state prisoner must normally

14   exhaust available state remedies before a writ of habeas corpus can be granted by the

15   federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*,

16   404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S.

17   Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state

18   judicial remedies before a federal court will entertain his petition for habeas corpus.").

19   The rationale for the doctrine relates to the policy of federal-state comity. *Picard*, 404

20   U.S. at 275 (1971). The comity policy is designed to give a state the initial opportunity to

21   review and correct alleged federal rights violations of its state prisoners. *Id.* In the U.S.

22   Supreme Court's words, "it would be unseemly in our dual system of government for a

23   federal district court to upset a state court conviction without an opportunity to the state

24   courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950);

25   *see also Reed v. Ross*, 468 U.S. 1, 11 (1984) ("[W]e have long recognized that in some

26   circumstances considerations of comity and concerns for the orderly administration of

27   ────────────────

28        [2] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

1   criminal justice require a federal court to forgo the exercise of its habeas corpus power.")

2   (citations and internal quotation marks omitted).

3       The exhaustion doctrine is codified at 28 U.S.C. § 2254.  That statute provides that

4   a habeas petition may not be granted unless the petitioner has (i) "exhausted" the

5   available state court remedies; (ii) shown that there is an "absence of available State

6   corrective process"; or (iii) shown that "circumstances exist that render such process

7   ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

8       Case law has clarified that in order to "exhaust" state court remedies, a petitioner's

9   federal claims must have been "fully and fairly presented" in state court.  *Woods v.*

10  *Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).  To "fully and fairly present" a federal

11  claim, a petitioner must present both (i) the operative facts and (ii) the federal legal

12  theory on which his or her claim is based.  This test turns on whether a petitioner

13  "explicitly alerted" a state court that he or she was making a federal constitutional claim.

14  *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204–05 (9th Cir. 2005).

15  "It is not enough that all the facts necessary to support the federal claim were before the

16  state courts or that a somewhat similar state law claim was made."  *Anderson v. Harless*,

17  459 U.S. 4, 6 (1982) (citation omitted); *see also Lyons v. Crawford*, 232 F.3d 666, 668

18  (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) (federal basis of a claim

19  must be "explicit either by citing federal law or the decisions of federal courts, even if the

20  federal basis is self-evident or the underlying claim would be decided under state law on

21  the same considerations that would control resolution of the claim on federal grounds").

22      **B.  Procedural Default Doctrine**

23      If a claim was presented in state court, and the court expressly invoked a state

24  procedural rule in denying relief, then the claim is procedurally defaulted in a federal

25  habeas proceeding.  *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001).

26  Even if a claim was not presented in state court, a claim may be procedurally defaulted in

27  a federal habeas proceeding if the claim would now be barred in state court under the

28  state's procedural rules.  *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule. *See id.* at 729-30. An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); *see also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996). An independent state rule cannot be interwoven with federal law. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The ultimate burden of proving the adequacy of a state procedural bar is on the state. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). If the state meets its burden, a petitioner may overcome a procedural default by proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).   The exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Wood*, 693 F.3d at 1117 (quoting *Schlup*, 513 U.S. at 327).

### III.  ANALYSIS OF THE PETITION

#### A.  Ground One

In Ground One, Petitioner states that "[b]urglary 3rd degree, is not a Felony under 13-1506.  False indictment, in violation of rule 13.1a."[3]  (Doc. 1 at 6).  In the "Supporting Facts" section, Petitioner wrote a single sentence: "With intent to commit a Felony, is not committing a Felony."  (*Id*.).  The sentence is followed by references to A.R.S. § 13-1506 and the Arizona Court of Appeals case *State v. Bottoni*, 643 P.2d 19 (Ariz. Ct. App. 1982). (*Id*.).

In *Bottoni*, the appellant was tried for first-degree murder, first-degree burglary, endangerment, and two counts of aggravated assault. 643 P.2d at 20.  The jury found the appellant guilty of endangerment (a misdemeanor) and not guilty on both counts of aggravated assault.  The jury could not reach a verdict on the burglary and murder counts. *Id*. On appeal, the appellant argued that since he was acquitted of aggravated assault, there was no felony upon which to base a burglary charge and could therefore not be retried on the felony murder and burglary charges.  *Id*. The Arizona Court of Appeals rejected the appellant's argument.   The Court explained that because Arizona law provides that the crime of burglary is complete when entrance to a structure is made with the intent to commit a felony, acquittal of an underlying felony charge "does not necessitate an acquittal on the separate and distinct charge of burglary."  *Id*.

---

[3] Rule 13.1(a) of the Arizona Rules of Criminal Procedure states: "An indictment is a written statement charging the commission of a public offense, presented to the court by a grand jury, endorsed a "true bill" and signed by the foreman."

As (i) *Bottoni* was decided solely on state law grounds and (ii) Petitioner does not cite any federal law in support of Ground One, the undersigned finds that Petitioner is challenging an application of Arizona state law.  Ground One is therefore not cognizable in this habeas proceeding.  *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus.").  Even if Ground One is a cognizable federal habeas claim, the Petitioner did not fairly present it as a federal law claim in the Arizona Court of Appeals.

In his Supplemental Brief on direct appeal and Petition for Review in the Arizona Supreme Court, Petitioner presented his argument that "burglary is not a felony" as a state law issue.  (Doc. 13-1 at 97-99, 115-19).  Thus, even if Petitioner intended to present Ground One as a claim involving a violation of federal law, Petitioner's failure to alert the Arizona state court to the federal nature of the claim amounts to a failure to exhaust state remedies.  *Duncan v. Henry*, 513 U.S. 364, 366 (1995).  Moreover, because Petitioner would be precluded from post-conviction relief on Ground One under Rule 32 of the Arizona Rules of Criminal Procedure, Ground One is technically exhausted and deemed procedurally defaulted.[4]  *Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).  For the above reasons, the undersigned recommends that the Court dismiss Ground One.

**B.  Ground Two**

In Ground Two, Petitioner states "I was denied of [sic] a speedy trial, in violation

---

[4] Rule 32.2 of the Arizona Rules of Criminal Procedure precludes a defendant from post-conviction relief based upon any ground (i) raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24; (ii) finally adjudicated on the merits on the appeal or in any previous collateral proceedings; or (iii) that has been waived at trial, on appeal, or in any previous collateral proceedings.  In addition, Ground One would be precluded in a post-conviction relief proceeding as untimely under Rule 32.4 of the Arizona Rules of Criminal Procedure.  *See O'Sullivan v. Boerkel*, 526 U.S. 838, 848 (1999) (where habeas petitioner was time-barred from presenting his claims in state court, claims were procedurally defaulted).

of rule 8.2 and VI amendment."[5]   (Doc. 1 at 7).   In the "Supporting Facts" section, Petitioner states "I was held in county custody for 459 days before tried on 1-24-12." (*Id.*).   Petitioner did not include a speedy trial claim in his direct appeal.   Instead, Petitioner presented the claim in his petition for review filed in the Arizona State Supreme Court.   In the "Issues Not Decided by the Court of Appeals" section, Petitioner wrote "Violation of rule 8.2"   (Doc. 13-1 at 116) and explained that he "was denied of [sic] a speedy trial in violation of rule 8.2 . . . ."   (*Id.* at 119).   Unlike Ground Two in the Petition, Petitioner did not reference the Sixth Amendment of the U.S. Constitution or any other federal law in the petition for review.   Petitioner thus did not fairly present the claim in Ground Two as a federal claim in Arizona state court.   *Galvan*, 397 F.3d at 1204–05 (a habeas petitioner must "explicitly alert" a state court that he or she was making a federal constitutional claim).

In addition, Ninth Circuit case law provides that a petitioner cannot exhaust a habeas claim by circumventing the applicable state court of appeals and going directly to the state supreme court.   In *Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004), the Ninth Circuit held that a ground for habeas relief presented by a petitioner convicted by the State of Washington was unexhausted because the petitioner did not fairly present the claim to the Washington Court of Appeals.   The Court rejected the petitioner's argument that the exhaustion requirement was satisfied because he raised it in his petition for review in the Washington Supreme Court.   After examining case law from other circuits and the U.S. Supreme Court, the Ninth Circuit concluded that because the petitioner "raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them."   *Id*. at 918.

Therefore, under *Casey*, even if Petitioner did fairly present Ground Two as a federal claim in the Arizona Supreme Court, Petitioner failed to exhaust the claim by failing to raise it in the Arizona Court of Appeals.   Returning to Arizona state court for

---

[5] Rule 8.2 of the Arizona Rules of Criminal Procedure provides the time limits in which every person against whom an indictment, information or complaint is filed shall must be tried by the court having jurisdiction of the offense.

1    determination of the issue would be futile as the Arizona Rules of Criminal Procedure

2    would preclude relief.  Ariz. R. Crim. P. 32.2, 32.4; *Beaty*, 303 F.3d at 987.  Accordingly,

3    the undersigned recommends that the Court dismiss Ground Two of the Petition.

4        **C.  Ground Three**

5        Petitioner's Ground Three states: "There is no threshold amount or a distinct

6    Statute that constitute [sic] 13-3408 drug offense, in violation of Rule 13.2.C."[6]  (Doc. 1

7    at 8).  In the "Supporting Facts" section, Petitioner states "[o]ffense must be specified, to

8    determine a reasonable doubt."  (*Id*.).  Ground Three fails for two reasons.  First, the

9    claim does not allege a violation of federal law and is thus not cognizable in this federal

10   habeas proceeding.  *See Langford*, 110 F.3d at 1389.  Second, like Ground Two,

11   Petitioner presented the claim for the first time in his petition for review in the Arizona

12   State Supreme Court.  Thus, Ground Three has not been exhausted.  *Casey*, 386 F.3d at

13   918.  Because Petitioner would be barred from presenting the claim in state court due to

14   the Arizona Rules of Criminal Procedure, the claim is procedurally defaulted.  Ariz. R.

15   Crim. P. 32.2, 32.4; *Beaty*, 303 F.3d at 987.  Accordingly, the undersigned recommends

16   that the Court dismiss Ground Three of the Petition.

17       **D.  Petitioner's Procedural Default is Not Excused**

18       The merits of a habeas petitioner's procedurally defaulted claims are to be

19   reviewed if Petitioner (i) shows cause for the default and actual prejudice as a result of

20   the alleged violation of federal law or (ii) shows that the failure to consider the federal

21   claim will result in a fundamental miscarriage of justice.  *McKinney v. Ryan*, 730 F.3d

22   903, 913 (9th Cir. 2013).

23       Petitioner offers no reason to excuse the above procedural defaults.  Although

24   Respondents briefed the procedural default issue in their Answer (Doc. 13 at 8-16),

25   Petitioner has chosen not to file a reply.

26

27   ───────────────

28       [6] Rule 13.2(c) of the Arizona Rules of Criminal Procedure states: "Specification of
an offense in an indictment, information, or complaint shall constitute a charge of that
offense and of all offenses necessarily included therein."

# IV.  CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss the Petition with prejudice.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 28th day of August, 2015.

Eileen S. Willett
United States Magistrate Judge